```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT


Paul Bourn,                        :
        Plaintiff,                 :
                                   :
     v.                            :   File No. 1:09-CV-212
                                   :
Richard Gauthier, Officer Dean,    :
Officer Stemp, Officer Fadden,     :
Bennington Police Department,      :
        Defendants.                :
```

OPINION AND ORDER
(Docs. 7, 9, 16, 20, 22, 26 and 28)

*Pro se* plaintiff Paul Bourn brings this action claiming that he suffered serious injuries when he crashed his motorcycle into a police roadblock at a speed of approximately 100 miles per hour. Bourn is suing the officers who were allegedly involved in setting up the roadblock, as well as the Bennington Police Department and its Chief of Police.

Pending before the Court are a series of motions, including the Bennington Police Department's motion to dismiss (Doc. 7) and Bourn's motions to amend for the purpose of naming additional defendants (Docs. 9, 22 and 26). Bourn also moves the Court to appoint him counsel (Docs. 20 and 28), and to issue an order requiring the immediate production of all relevant evidence (Doc. 16). For the reasons set forth below, the Bennington Police Department's motion to dismiss is GRANTED and Bourn's motions are DENIED.

Factual Background

For the limited purpose of ruling on the pending motions, the facts set forth in the complaint will be accepted as true.

Bourn claims that on the night of September 17, 2007, he was involved in a "serious and potentially life threatening motorcycle accident." (Doc. 4 at 2). The accident occurred after he was engaged in a high-speed chase with police. Shortly before Bourn's crash, a police patrol supervisor "called off the pursuit so as not to endanger the lives of the plaintiff or others." Id. Nonetheless, moments after the order to stop the pursuit was issued, defendants Officer Stemp and Officer Dean allegedly requested a wrecker and an ambulance in order to set up a roadblock.

The complaint contends that "[a]s a result of the defendants['] intentional, reckless, and highly dangerous blockade of the road the plaintiff crashed his motorcycle at a speed of around 100 MPH." Id. at 3. His injuries included a "life threatening blow to the head . . . and debilitating loss of skin from parts of his body." Id. Bourn also claims that he suffers from recurring headaches, nightmares, and blackouts, and speculates that he may have a "severe traumatic brain injury as well as post traumatic stress disorder." Id. at 4. For relief, he is seeking $200 million

in compensatory damages, as well as "special damages." Id. at 5.

Discussion

I. Bennington Police Department's Motion to Dismiss

The Bennington Police Department moves to dismiss the claims brought against it, arguing that it is not an entity that can be sued. Under Fed. R. Civ. P. 17(b)(3), the Court looks to Vermont law to determine whether a governmental entity has the capacity to be sued. There is no statute or ordinance in Vermont that permits a suit against a municipal police department, and this Court has consistently held that such departments do not have the capacity to be sued. See, e.g., Gorton v. Burlington Police Dep't, 23 F. Supp. 2d 454, 456 (D. Vt. 1998); Hee v. Everlof, 812 F. Supp. 1350, 1351 (D. Vt. 1993). The Bennington Police Department's motion to dismiss is therefore GRANTED.

II. Bourn's Motions to Amend the Complaint

Bourn has filed three motions to amend his complaint to add new defendants. The first seeks to name the Town of Bennington. (Doc. 9). The defendants have opposed the motion, arguing that it is procedurally and substantively deficient.

Bourn's motion to amend asserts that the Town should be a party in order to account for its alleged "failure to

provide appropriate oversight with regard to the policies, procedures and safe operating practices of the police department." Id.  This claim can be read at least two ways. If the focus is on "oversight," then Bourn may be alleging that the Town, through its police department, failed to *implement* existing policies in the course of training and/or supervising the officers involved in the creation of the roadblock.  If the focus is on the "policies, procedures and . . . practices" themselves, Bourn may be claiming that the police department failed to *create* policies and practices that would have prevented his injuries.  Given that the nature of the allegation is unclear, the Court finds that Bourn has failed to put the Town on "'fair notice'" of his claim.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Furthermore, Bourn has not offered any facts to support his claim.  The allegation against the Town consists of a single sentence, with only a general claim of "failure to provide appropriate oversight." (Doc. 9 at 1).  Although a complaint need not provide detailed factual allegations, a plaintiff must provide some grounds for his entitlement to relief, and mere "labels and conclusions . . . will not do." Bell Atl. Corp., 550 U.S. at 555.

Here, Bourn must ultimately demonstrate that the Town's failure to train or adequately supervise its employees constituted "deliberate indifference" to its citizens' constitutional rights.  Walker v. City of New York, 974 F.2d 293, 297 (2d Cir. 1992) (citing City of Canton v. Harris, 489 U.S. 378, 389-90 (1989)).  If Bourn is claiming that the police department failed to implement certain policies or customs, the deliberate indifference standard again applies, and liability may be established "where the need to act is so obvious, and the inadequacy of current practices so likely to result in a deprivation of federal rights, that the municipality or official can be found deliberately indifferent to the need."  See Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007) (citing City of Canton v. Harris, 489 U.S. 378, 390 (1989)).

To the extent that Bourn is claiming either that the police department failed to supervise or that it failed to put proper policies in place, he must allege "'a specific deficiency . . . such that it actually caused the constitutional deprivation.'"  Jenkins v. City of New York, 478 F.3d 76, 94 (2d Cir. 2007) (quoting Green v. City of New York, 465 F.3d 65, 81 (2d Cir. 2006)). Conclusory allegations are insufficient to state a claim under civil rights statutes, Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987),
5

and a plaintiff cannot establish municipal liability solely by inference from evidence of the occurrence of the incident in question. Fiacco v. City of Rensselaer, 783 F.2d 319, 328 (2d Cir. 1986, cert. denied, 480 U.S. 922 (1987)).

Bourn's claim that the Town failed to oversee individual officers with regard to the establishment of a roadblock fails to state a "plausible" claim of municipal liability, and would therefore be dismissed on a Rule 12(b)(6) motion. Bell Atl. Corp., 550 U.S. at 570. While the Court acknowledges that there is no heightened pleading standard for municipal liability claims, see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993), Bourn's single-sentence allegation concerning a lack of "oversight" does not meet the notice pleading standard of Fed. R. Civ. P. 8. As noted above, it is difficult to discern whether the claim applies to policy creation or policy implementation, and provides no specifics about the how that policy, or the lack thereof, related to his injuries.

"Leave to file an amended complaint shall be freely given when justice so requires, Fed. R. Civ. P. 15(a), and should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir.

2001). "[L]eave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim . . . ." Id. at 110. Bourn's proposed amendment of the complaint does not plead sufficient claims to state a claim, and must therefore be DENIED without prejudice.

The motion to amend is also procedurally deficient. Local Rule 15 requires that a motion to amend be accompanied by a red-lined version of the proposed amended complaint, clearly delineating all additions and/or deletions. Bourn has not complied with this requirement.

Bourn's second and third motions to amend his complaint are procedurally deficient for this same reason. (Docs. 22 and 26). The motions seek to add two additional police officers to the list of defendants. Again, there are no proposed, red-lined amended complaints accompanying the motions.

If Bourn submits a motion to amend that attaches an amended complaint, and that complaint includes amended claims and/or parties and sufficient supporting factual allegations, the Court will consider granting leave to amend under Fed. R. Civ. P. 15. If such leave is granted, the Court will order that the amended complaint be docketed, and the newly-added

defendants will be served in accordance with the Court's prior ruling on Bourn's motion to proceed *in forma pauperis*.

Without a proposed amended complaint that includes all parties and claims, the Court cannot grant the motion to amend at this time. Bourn's motions to amend (Docs. 9, 22 and 26) are therefore DENIED without prejudice.

III. <u>Motion for Production of Evidence</u>

Bourn has also moved the Court to issue an order requiring the defendants to "immediately" produce all relevant evidence so that the evidence is not lost or destroyed. (Doc. 16). He contends that this evidence may include videotapes and/or audio recordings, and that such evidence is sometimes misplaced by police departments in cases such as this.

Production of documents and other relevant materials is typically undertaken in the ordinary course of the discovery process, and the Court sees no reason why that should not be true here. Furthermore, any claim that evidence will be lost or destroyed by the defendants is purely speculative. The motion (Doc. 16) is therefore DENIED.

IV. <u>Motions for Appointment of Counsel</u>

Finally, Bourn has filed two motions for appointment of counsel. (Docs. 20 and 28). In each, he attests that he has been unsuccessful in his efforts to retain counsel, and

argues that it is unfair to allow him to proceed against a trained attorney when he himself has no legal training.

Litigants in civil cases have no constitutional right to counsel. See In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). Moreover, while a court may "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), it cannot compel an attorney to accept a civil case *pro bono*. Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 301-02 (1989). The decision as to whether or not to assign counsel lies within the Court's discretion. In re Martin-Trigona, 737 F.2d at 1260. Assuming that the movant has shown that he is sufficiently indigent, the factors to be considered by the Court include the following: (1) whether the indigent's claims seem likely to be of substance; (2) whether the indigent is able to investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the legal issues involved are complex; and (5) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (citing Hodge v. Police Officers, 802 F.2d 58, 61-

62 (2d Cir. 1986)); see also Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001).

At this early stage in the case, it is difficult to discern whether Bourn's claims are likely to be of substance. In Scott v. Harris, 550 U.S. 372 (2007), a police officer engaged in a high-speed chase after observing the plaintiff speeding. The officer intentionally rammed plaintiff's car with his bumper, causing the plaintiff's car to crash and plaintiff to suffer severe injuries. The plaintiff subsequently sued the officer alleging that the officer used excessive force to arrest him in violation of the Fourth Amendment. The Supreme Court concluded that the officer did not use excessive force under the circumstances, because he was reasonably stopping an actual and imminent threat to the lives of any nearby pedestrians, motorists, and officers. Scott, 550 U.S. at 383. Whether Scott controls the facts of this case has not yet been determined, though the Supreme Court's holding certainly casts some doubt on the viability of Bourn's claims.

Assuming, for the sake of argument, that the case has sufficient merit to warrant further analysis, it is difficult at this early stage to determine whether Bourn will be able to investigate the crucial facts. To the extent that those facts involve the police, the necessary evidence should be

available through discovery, and there is no reason to believe at this time that the *pro se* plaintiff will be unable to engage in the discovery process.

It is also difficult to determine whether there will be a need for cross-examination, as no evidence has been presented to the Court that indicates any disputes of fact. As to the complexity of the legal issues, Bourn has not identified a specific federal cause of action. Consequently, his claims may lie in tort, or may involve some portion of the Constitution. Until the contours of his legal claims are clarified, the Court cannot assess the complexity of those claims. Finally, the Court sees no reason why the appointment of counsel would be more likely to lead to a just determination. Bourn's motions for appointment of counsel (Docs. 20 and 28) are therefore DENIED without prejudice.

## Conclusion

For the reasons set forth above, the Bennington Police Department's motion to dismiss (Doc. 7) is GRANTED and all claims against it are DISMISSED. Bourn's motions to amend his complaint (Docs. 9, 22 and 26) are DENIED without prejudice. Finally, Bourn's motion for production/preservation of all relevant evidence (Doc. 16) and motions for appointment of counsel (Docs. 20 and 28) are

DENIED. Denial of the motions for appointment of counsel is without prejudice.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 3rd day of May, 2010.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge