UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Paul Bourn,                          :
                                     :
          Plaintiff,                 :
                                     :
     v.                              :     Case No. 1:09-cv-212-jgm
                                     :
Town of Bennington,                  :
Officer Bull,                        :
Trooper Zink,                        :
                                     :
          Defendants.                :


OPINION AND ORDER
(Docs. 44 and 46)

*Pro se* plaintiff Paul Bourn brings this action claiming
that he suffered serious injuries when he crashed his
motorcycle into a police roadblock at a speed of
approximately 100 miles per hour.  Pending before the Court
are Bourn's motion for appointment of counsel and Defendants'
motion to dismiss.  Defendants argue that the Amended
Complaint fails to state a claim for relief against the Town
of Bennington, and that the claims against Officer Bull and
Trooper Zink are untimely.

For the reasons set forth below, the motion for
appointment of counsel (Doc. 44) is DENIED, and the motion to
dismiss (Doc. 46) is GRANTED in part and DENIED in part.

On the night of September 17, 2007, Bourn rode his motorcycle to a gas station in Bennington, Vermont. After putting gas in the motorcycle, he allegedly discovered he was not carrying any money and drove away without paying. Bennington Police Officer David Faden received a report of the incident, saw Bourn, and stopped his police car to speak with him. Bourn testified in his deposition that when he saw Officer Faden, he "panicked" and drove off toward his home. (Doc. 32-3 at 18-19.) Officer Faden followed, but did not immediately activate his blue lights.

When Bourn arrived at his home, he parked his motorcycle behind the building. He then walked toward the front, ostensibly to retrieve his wallet, whereupon Officer Faden pointed a spotlight towards him. Bourn again fled, returned to his motorcycle and drove away at a speed that approached 100 miles per hour. Officer Faden pursued with his blue lights and siren now on.

---

[1] Although some of this factual background is derived from materials that are beyond the pleadings, Defendants' motion to dismiss will be considered only in light of the facts alleged in Bourn's Amended Complaint. See Goldberg v. Danaher, 599 F.3d 181, 183-84 (2d Cir. 2010) (holding that when reviewing sufficiency of a complaint under Fed. R. Civ. P. 12(b)(6), court is limited to facts "contained within the four corners of the complaint").

As he was fleeing Officer Faden in a northbound direction, Bourn noted two southbound police cruisers coming towards him. He testified at his deposition that "[t]hey were both coming at me in both lanes . . . . I had no way to go . . . . I had no choice but to stop. They would have killed me." Id. at 31. Bourn claims that the drivers of the two cruisers disobeyed Officer Faden's order to discontinue pursuit, and "malicously creat[ed] obstacles to travel." (Doc. 39 at 1.) Bourn applied his brakes, the brakes locked, and the motorcycle began to skid on its side. Bourn became separated from the motorcycle, and he allegedly hit his head on what he believes to have been the bumper of one of the southbound cruisers.

Bourn subsequently pled guilty to petit larceny for stealing the gasoline, attempting to elude a police officer, and negligent operation of a motor vehicle. In his Amended Complaint, he claims to have suffered head trauma and abrasions as a result of the crash. He also complains of continued headaches, nightmares and flashbacks. For relief, Bourn is seeking "real damages" of $250,000 from each Defendant, and $100 million in punitive damages from the Town of Bennington. (Doc. 39.)

## Procedural Background

Bourn filed his Complaint on September 14, 2009, approximately two years after his accident. Defendants in the original Complaint included: Richard Gauthier; Officer Dean; Officer Stemp; Officer Faden; and the Bennington Police Department. Defendants filed an Answer on November 16, 2009.

After the parties commenced discovery, Bourn moved to amend his Complaint to add Officers Thomas Bull (Doc. 22) and Robert Zink (Doc. 26) as Defendants, claiming that these were the officers who drove the southbound cruisers during the September 2007 pursuit. The motions to amend were filed on January 6, 2010, and February 8, 2010, respectively.

In an Opinion and Order dated May 3, 2010, the Court denied the motions to amend, concluding that they did not comply with the Court's Local Rules for amended pleadings. (Doc. 29 at 7-8). The Court denied the motion without prejudice, noting that a proper motion to amend would still be considered. The Court further stated that if leave to amend "is granted, the Court will order that the amended complaint be docketed, and the newly-added defendants will be served in accordance with the Court's prior ruling on Bourn's motion to proceed *in forma pauperis*." Id.

The Court issued its next substantive Order on March 29, 2011, granting summary judgment in favor of all Defendants. As of that date, Bourn had not yet filed a second motion to amend to add Officers Bull and Zink. Nonetheless, the Court stated in its Opinion and Order that "[g]iven the alleged roles of Officers Bull and Zink . . . justice requires granting Bourn one more opportunity to amend his Complaint." Id. at 15. The Court thus allowed Bourn 30 days in which to file an Amended Complaint.

On April 7, 2011, Bourn filed two separate motions to add Thomas Bull and Robert Zink as a parties. (Docs. 35 and 36.) On April 26, 2011, he filed another motion to amend, together with a proposed Amended Complaint naming Officer Bull and Zink as Defendants. (Doc. 37). The Court subsequently granted the motions to amend, and the Amended Complaint has been docketed.

Defendants now argue that the claims against Defendants Bull and Zink are untimely because the statute of limitations expired in September 2010, several months before Bourn's most recent motions to amend. Defendants further contend that the Amended Complaint fails to state a claim of municipal liability against the Town of Bennington. Also before the Court is Bourn's motion for appointment of counsel.

Discussion

I.  <u>Motion to Dismiss</u>

    A.  Legal Standard

Defendants bring their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all allegations in Bourn's Amended Complaint as true and draw all reasonable inferences in his favor.  <u>See</u> <u>Grandon v. Merrill Lynch & Co., Inc.</u>, 147 F.3d 184, 188 (2d Cir. 1998). Furthermore, a complaint filed by a *pro se* plaintiff must be construed liberally and interpreted to raise the strongest arguments it suggests.  <u>See</u> <u>Graham v. Henderson</u>, 89 F.3d 75, 79 (2d Cir. 1996) (internal citation omitted).  The factual allegations set forth in the Amended Complaint, however, "must be enough to raise a right to relief above the speculative level."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  The Amended Complaint must plead sufficient facts to state a claim that is plausible, and "a formulaic recitation of the elements of a cause of action will not do."  <u>Id.</u>  A pleading satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

6

for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 554 U.S. 662, 678 (2009).

B.  Municipal Liability

Defendants first argue that Bourn has failed to state a claim of municipal liability against the Town of Bennington ("Town").  The Amended Complaint alleges that Officers Bull and Zink "acted on behalf of the town of Bennington under color of law, and performed unnecessary, dangerous and unauthorized roadblocks . . . ."  (Doc. 39 at 3.)  The Amended Complaint also asserts that "[i]f a municipal government such as Bennington, Vermont 'puts a man at risk of harm from private citizens, and then fails to protect, it cannot be heard their role was merely passive; it is as much an active role as if they had thrown him into a snake pit.'" (Doc. 39 at 4.)[2]

Bourn's first allegation, that Officers Bull and Zink acted on behalf of the Town, appears to assert a claim of vicarious liability.  The claims against the officers themselves allege constitutional violations, and are brought

_____

[2]  Bourn's "snake pit" quotation, though un-cited and not repeated precisely, is most likely based upon <u>Bowers v. DeVito</u>, 686 F.2d 616, 618 (7th Cir. 1982) ("If the state puts a man in a position of danger from private persons and then fails to protect him, it will not be heard to say that its role was merely passive; it is as much an active tortfeasor as if it had thrown him into a snake pit.").

under 42 U.S.C. § 1983.  It is well established that "[a]
municipality may only be found liable under 42 U.S.C. § 1983
when the alleged unlawful action was implemented or executed
pursuant to a government policy or custom.  A municipality
may not be held liable under section 1983 on a theory of
vicarious liability."  Marte v. N.Y. City Police Dep't, 2010
WL 4176696, at *2 (S.D.N.Y. Oct. 12, 2010) (citing Monell v.
Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)).
Furthermore, a plaintiff must establish "a direct causal link
between a municipal policy or custom and the alleged
constitutional deprivation."  City of Canton v. Harris, 489
U.S. 378, 385 (1989).

Bourn's allegations, that Bull and Zink acted "on behalf
of the town," offers no suggestion of a policy or custom, or
of any link to municipal decision-making.  (Doc. 39 at 4.)
Instead, it merely alleges that the police acted as municipal
employees at the time of the alleged roadblock.  Because
there is no vicarious liability under § 1983, this claim is
insufficient.

Construing the Complaint liberally, Bourn may also be
claiming that the Town failed to properly train or supervise
its officers.  Such claims may be alleged under § 1983, but
in doing so, Bourn must demonstrate that the Town's failures

constituted "deliberate indifference" to its citizens'
constitutional rights. Walker v. City of New York, 974 F.2d
293, 297 (2d Cir. 1992) (citing City of Canton v. Harris, 489
U.S. 378, 389-90 (1989)). If Bourn is claiming that the
police department failed to implement certain policies or
customs regarding high-speed chases, the deliberate
indifference standard again applies, and liability may be
established "where the need to act is so obvious, and the
inadequacy of current practices so likely to result in a
deprivation of federal rights, that the municipality or
official can be found deliberately indifferent to the need."
See Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007)
(citing City of Canton v. Harris, 489 U.S. 378, 390 (1989)).

   Furthermore, and to the extent that Bourn is claiming
either that the Town failed to supervise or failed to put
proper policies in place, he must allege "'a specific
deficiency . . . such that it actually caused the
constitutional deprivation.'" Jenkins v. City of New York,
478 F.3d 76, 94 (2d Cir. 2007) (quoting Green v. City of New
York, 465 F.3d 65, 81 (2d Cir. 2006)). Conclusory
allegations are insufficient to state a claim under civil
rights statutes, Barr v. Abrams, 810 F.2d 358, 363 (2d Cir.
1987), and a plaintiff cannot establish municipal liability

solely by inference from evidence of the occurrence of the incident in question.  Fiacco v. City of Rensselaer, 783 F.2d 319, 328 (2d Cir. 1986, cert. denied, 480 U.S. 922 (1987).

These standards were explained to Bourn previously (Doc. 29 at 3-6), and yet he still does not allege a specific deficiency in either the Town's training or its policies resulted in his injuries.  In fact, the Amended Complaint states that Officers Bull and Zink disobeyed an order to discontinue pursuit, and instead acted on their own accord in establishing a blockade.  (Doc. 39 at 3.)  Accordingly, the Complaint does not assert a plausible claim of municipal liability on the basis of a specific deficiency in either supervision or training.  While the Court acknowledges that there is no heightened pleading standard for municipal liability claims, see Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993), Bourn's single-sentence allegation that Bull and Zink acted "on behalf of" the Town falls short of stating a plausible claim of municipal liability.

Bourn's second claim, that the Town effectively "thr[ew] him into a snake pit," may be construed as a claim of state created danger.  See, e.g., Pena v. Deprisco, 432 F.3d 98, 109 (2d Cir. 2005).  However, the facts of this case do not

lend themselves to such a claim, as the state created danger
doctrine involves "conduct by the state that puts a person in
danger of harm from a *private* actor."  Elliot v. City of New
York, 2008 WL 4178187, at *11 (S.D.N.Y. Sept. 8, 2008)
(emphasis supplied) (citing Pena, 432 F.3d at 108).  Officers
Bull and Zink were not private actors.  Moreover, there is no
indication in the Amended Complaint that the Town encouraged
these officers to act at they did.  In fact, the allegations
suggest that the officers disobeyed their orders.  Bourn's
"snake pit" claim thus lacks any factual underpinning.  The
motion to dismiss the Town of Bennington is therefore
GRANTED, and the claims against the Town are DISMISSED
without prejudice.

    C.   Statute of Limitations

    Defendants next argue that Bourn's allegations against
Officers Bull and Zink are barred by the relevant statute of
limitations.  For cases filed in the District of Vermont, the
limitations period applicable to Section 1983 actions is
three years.  See Owens v. Okure, 488 U.S. 235, 249-51 (1989)
(holding that the most appropriate statute of limitations in
a § 1983 action is found in the "general or residual [state]
statute [of limitations] for personal injury actions"); 12
V.S.A. § 512(4) (establishing three-year limitations period

for personal injury actions); see also Morse v. Univ. of Vermont, 973 F.2d 122, 126 (2d Cir. 1992).  The events alleged in this case occurred on September 17, 2007.  Consequently, the limitations period expired in September 2010.

Bourn filed this case in 2009.  In early 2010, he moved to amend to add Officers Bull and Zink as parties.  In May 2010, the Court denied to the motions because they did not comply with the Local Rules, while allowing that a proper motion to amend could still be filed.  In March 2011, the Court dismissed all Defendants, but again allowed Bourn leave to file a motion to amend to add Officers Bull and Zink.  Bourn filed his motions to amend in April 2011, the motions were granted, and the Amended Complaint was docketed in October 2011.

Defendants contend that the March 2011 motions to amend were untimely, as the statute of limitations had expired in September 2010.  If "a complaint is amended to include an additional defendant after the statute of limitations has run, the amended complaint is not time barred if it 'relates back' to a timely filed complaint."  VKK Corp. v. Nat'l Football League, 244 F.3d 114, 128 (2d Cir. 2001).  Pursuant to Rule 15(c), "[a]n amendment to a pleading relates back to

12

the date of the original pleading" when three conditions are met: (1) the new claims "arose out of the conduct, transaction, or occurrence" set forth in the original pleading, and (2) "within the period provided for by Rule 4(m) for serving the summons and complaint," the new party "received such notice of the action that it will not be prejudiced in defending on the merits," and (3) during the Rule 4(m) service period the new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). The Rule 4(m) service period is 120 days after the complaint is filed. Fed. R. Civ. P. 4(m).

In this case, there is no dispute that the claims against Officers Bull and Zink arose out of, and in fact consisted of, the same conduct alleged in Bourn's initial Complaint. The analysis therefore turns to the question of timely notice, as well as the question of whether the failure to name Officers Bull and Zink was the sort of "mistake" contemplated under Rule 15(c)(1)(C).

The United States Supreme Court has made clear that "[t]he linchpin [of Rule 15(c)] is notice, and notice within the limitations period." <u>Schiavone v. Fortune</u>, 477 U.S. 21, 31 (1986). "While actual notice is preferable, 'constructive

notice' may suffice in some instances." <u>Smith v. Westchester</u>
<u>Cnty. Dep't of Corr.</u>, 2012 WL 527222, at *4 (S.D.N.Y. Feb.
15, 2012).  "Under the constructive notice doctrine, the
court can impute knowledge of a lawsuit to a new defendant
government official through his attorney, when the attorney
also represented the officials originally sued, so long as
there is some showing that the attorney knew that the
additional defendants would be added to the existing suit."
<u>Berry v. Vill. of Millbrook</u>, 2010 WL 3932289, at *5 n.6
(S.D.N.Y. Sept. 29, 2010) (quoting <u>Muhammad v. Pico</u>, 2003 WL
21792158, at *20 (S.D.N.Y. Aug. 5, 2003)) (internal quotation
marks and alteration omitted); <u>see also</u> <u>Velez v. Fogarty</u>,
2008 WL 5062601, at *5 (S.D.N.Y. Nov. 20, 2008); <u>Smith</u>, 2012
WL 527222, at *5 ("In deciding whether the shared attorney
has the requisite knowledge, the appropriate inquiry is
whether that attorney knew or should have known that the
prospective defendants would be named.").

Defendants have not argued lack of notice, either actual
or constructive.  The Court nonetheless notes that Bourn
filed his Complaint in September 2009, and filed his motion
to add Officer Bull within 120 days thereafter.  The motion
to amend to add Officer Zink was filed just beyond the 120-
day window.  There is no dispute that all Defendants,

including Officers Bull and Zink, have been represented by the same attorney. Accordingly, the Court may apply the constructive notice doctrine in this case, and conclude that counsel either knew or should have known that both Bull and Zink would be added to the case.

Moreover, it is undisputed that the initial motions to amend were filed prior to the expiration of the limitations period. "[I]n the majority of cases in this Circuit applying the constructive notice doctrine, the attorneys have clear knowledge of the identity of the unidentified defendant, within the limitations period, such that it would be logical to assume that a reasonable attorney would either (1) inform his client of the prospective lawsuit or (2) take steps to begin preparing a defense." Velez, 2008 WL 5062601, at *6. Because Bourn first moved to add Officers Bell and Zink several months before the limitations period expired, it is "logical to assume" that counsel for Defendants notified both individuals of their prospective addition to the case, or at least took steps to begin preparing their defense. Id.; see also Moslev v. Jablonsky, 209 F.R.D. 48, 53 (E.D.N.Y. 2002) (complaint technically only named the city and the supervising officer as defendants but the body of the complaint identified the un-named officers accused of

mistreating plaintiff and, therefore, corporation counsel knew or should have known that these officers would be added as defendants).

Defendants argue that by naming the wrong police officers, Bourn's error was not the sort of "mistake" contemplated by Rule 15(c). Indeed, the Second Circuit has held that a "mistake" under Rule 15(c) must be "an error, such as a misnomer or misidentification," and that when "new names were added not to correct a mistake but to correct a lack of knowledge, the requirements of Rule 15(c) for relation back are not met." Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 470 (2d Cir. 1995). However, the United States Supreme Court recently clarified that the key inquiry under Rule 15(c)(1)(C) is "whether [the defendant to be added] knew or should have known that it would have been named as a defendant but for an error." Krupski v. Costa Crociere S.p.A., 130 S. Ct. 2485, 2493 (2010).

In Krupski, the Supreme Court emphasized that the purpose of the relation back doctrine is "to balance the interests of the defendant protected by the statute of limitations with the preference . . . for resolving disputes on their merits." Id. at 2494. The Court further stated:

16

> a prospective defendant who legitimately believed
> that the limitations period had passed without any
> attempt to sue him has a strong interest in repose.
> But repose would be a windfall for a prospective
> defendant who understood, or who should have
> understood, that he escaped suit during the
> limitations period only because the plaintiff
> misunderstood a crucial fact about his identity.

Id. The Supreme Court also allowed district courts to consider the extent to which "plaintiff's postfiling conduct informs prospective defendant's understanding of whether plaintiff initially made a mistake . . . ." Id. at 2496-97 (internal quotation omitted).

Here, it is plain that both Defendants Bull and Zink knew or should have known that they were going to be named as parties, and that they obtained this knowledge prior to the expiration of the limitations period. Furthermore, to the extent there was a "mistake" that allowed the limitations period to expire, that mistake was not a failure to name proper parties, but instead a failure to comply with the requirements of the Local Rules with respect to amended pleadings. Accordingly, the Barrow decision does not govern this case, and Bourn's ultimately-successful motions to amend, although filed after the limitations period had expired, related back to his original Complaint.

The Court further finds that because counsel had timely notice that Officers Bull and Zink would be added to the case, any delay in filing and docketing the Amended Complaint did not prejudice those Defendants. See VKK Corp., 244 F.3d at 128-29. Defendants' motion to dismiss the claims against Officers Bull and Zink as untimely is therefore DENIED.

## II. Motion for Appointment of Counsel

Bourn has filed a motion for appointment of counsel. This is his third such motion. (Doc. 44.) Bourn states that he "has a meritorious claim," that he does not have the resources to retain private counsel, and that his requests for *pro bono* counsel have gone unanswered. Id.

Litigants in civil cases have no constitutional right to counsel. See In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). Moreover, while a court may "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), it cannot compel an attorney to accept a civil case *pro bono*. Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 301-02 (1989).

The decision as to whether or not to assign counsel lies within the Court's discretion. In re Martin-Trigona, 737 F.2d at 1260. Assuming that the movant has shown that he is sufficiently indigent, the factors to be considered by the

18

Court include the following: (1) whether the indigent's claims seem likely to be of substance; (2) whether the indigent is able to investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the legal issues involved are complex; and (5) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (citing Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986)); see also Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001).

At this stage in the case, it is difficult to discern whether Bourn's claims are likely to be of substance. In Scott v. Harris, 550 U.S. 372 (2007), a police officer engaged in a high-speed chase after observing the plaintiff speeding. The officer intentionally rammed plaintiff's car with his bumper, causing the plaintiff's car to crash and plaintiff to suffer severe injuries. The plaintiff subsequently sued the officer alleging the officer used excessive force to arrest him in violation of the Fourth Amendment. The Supreme Court concluded that the officer did not use excessive force under the circumstances, because he

was reasonably stopping an actual and imminent threat to the lives of any nearby pedestrians, motorists, and officers. Scott, 550 U.S. at 383. Whether Scott controls the facts of this case has not yet been determined, although the Supreme Court's holding certainly casts some doubt on the viability of Bourn's claims.

Assuming, for the sake of argument, that the case has sufficient merit to warrant further analysis, it is difficult to determine whether Bourn will be able to investigate the crucial facts. To the extent that those facts involve the police, the necessary evidence should be available through discovery, and there is no reason to believe at this time that Bourn will be unable to engage in the discovery process.

There is no evidence of a need for cross-examination, as nothing has been presented to indicate disputes of fact with respect to Officers Bull and Zink. The legal issues are of questionable complexity, and the Court sees no reason at this time why the appointment of counsel would be more likely to lead to a just determination. Bourn's motion for appointment of counsel (Doc. 44) is therefore DENIED without prejudice.

## Conclusion

For the reasons set forth above, Defendants' motion to dismiss the claims being brought against the Town of

Bennington (Doc. 46) is GRANTED, and those claims are DISMISSED without prejudice.  Defendants' motion to dismiss the claims against Officers Bull and Zink (Doc. 46) is DENIED.  Bourn's motion for appointment of counsel (Doc. 46) is DENIED without prejudice.

The parties shall confer and jointly prepare and file a discovery schedule providing for the completion of discovery by February 25, 2013.  The proposed schedule shall be filed by July 27, 2012 and comply with Rule 26(a)(4) of the Local Rules of Procedure.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 25th day of June, 2012.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge